NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-738

COMMONWEALTH

vs.

SHAWN WALKER.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Shawn Walker, appeals from a conviction, after a jury trial in the District Court, of assault by means of a dangerous weapon, G. L. c. 265, § 15B (b). Concluding that the judge's answer to a jury question did not create a substantial risk of a miscarriage of justice, we affirm.

1. Standard of review. "The proper response to a jury question must remain within the discretion of the trial judge, who has observed the evidence and the jury firsthand and can tailor supplemental instructions accordingly." Commonwealth v. Robinson, 449 Mass. 1, 7-8 (2007), quoting Commonwealth v. Watkins, 425 Mass. 830, 840 (1997). "We evaluate the adequacy of a supplemental instruction in the context of the entire

charge."  Commonwealth v. West, 487 Mass. 794, 804 (2021).

"When reviewing jury instructions, we 'evaluate the instruction

as a whole, looking for the interpretation a reasonable juror

would place on the judge's words.'"  Commonwealth v. Odgren, 483

Mass. 41, 46 (2019), quoting Commonwealth v. Vargas, 475 Mass.

338, 349 (2016).  "Where, as here, the defendant failed to

object to the instruction at trial, we review the instruction to

determine whether any error in the instruction created 'a

substantial risk of a miscarriage of justice.'"  Commonwealth v.

Telcinord, 94 Mass. App. Ct. 232, 241-242 (2018), quoting

Commonwealth v. Freeman, 352 Mass. 556, 564 (1967).

2.  Response to jury question.  Regarding the dangerous

weapon element of the crime, the judge instructed

> "The next element is that it has to be done by means of a
> dangerous weapon.  A dangerous weapon, under the law, is an
> item which is designed for the purpose of causing serious
> injury or death.  I instruct you, as a matter of law, that
> a firearm is a dangerous weapon."

The jury then came back with three questions, one of which

was, "If a person feels threatened, does that meet the standard

of the charge of assault with a deadly weapon?"  With the

agreement of both parties, the judge reinstructed the jury on

the elements of assault.  He then stated, "The last element

would be a dangerous weapon.  I also earlier instructed you on

the elements of dangerous weapon.  Do I need to instruct you on

2

that as well?"  When the foreperson replied in the affirmative,

the judge instructed, without objection,

> "Okay.  A dangerous weapon is an item which is designed for the purpose of causing serious injury or death.  I instruct you, as a matter of law, that a firearm is a dangerous weapon."

Although it would have been better to include the first

sentence of the dangerous weapon element instruction (that "it

has to be done by means of a dangerous weapon") in the

supplemental instruction, it seems unlikely that the jury would

have interpreted this instruction as negating the judge's

earlier instruction that the assault had to be done by means of

the dangerous weapon.  See Commonwealth v. Deconinck, 480 Mass.

254, 270-273 (2018) (incomplete instruction in response to jury

question proper in light of earlier, complete instruction).  See

also Commonwealth v. Delacruz, 463 Mass. 504, 518 (2012) (judge

not required to repeat entire charge in response to jury

question).

Moreover, even if a juror could have misconstrued the

response as allowing a conviction where the defendant merely

possessed, but did not use, a dangerous weapon, there is no

substantial risk of a miscarriage of justice.  The victim

testified that the defendant opened the door with a gun "pointed

right at" him and said, "I should've shot you . . . a long time

ago."  The victim described no other assaultive behavior, and

"was surprised that [the defendant] even had a gun."  The defendant's girlfriend testified that the defendant and the victim merely argued and "it wasn't, like, aggressive to the point where they were going to fight."  She testified that the defendant had nothing in his hands and she never saw a gun in his possession that evening.  In short, there was no evidence of an assault that did not include the use of a gun and no evidence that the defendant possessed a gun other than in using it in the assault.  Accordingly, there is no risk that the jury convicted the defendant for possessing a gun during an assault without finding that he used the gun to commit the assault.  See Commonwealth v. Young, 461 Mass. 198, 211 (2012) (possible error in response to jury question did not create substantial likelihood of miscarriage of justice where point at issue "was never contested at trial").

Judgment affirmed.

By the Court (Ditkoff, Singh & Smyth, JJ.[1]),

Paul Little

Clerk

Entered:  May 9, 2025.

---

[1] The panelists are listed in order of seniority.